**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Zdravko Kotzev, ) | No. CV-09-1726-PHX-FJM |
| ) | |
| Petitioner, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Charles L. Ryan, Director of Arizona ) | |
| Dept. of Corrections, et al., ) | |
| ) | |
| Respondents. ) | |
| _____ ) | |

The court has before it petitioner's petition and amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (docs. 1, 8), respondents' response (doc. 9), and petitioner's reply (doc. 10). We also have before us the report and recommendation of the United States Magistrate Judge (doc. 11), petitioner's objections (doc. 12), respondents' response to the objections (doc. 13), and petitioner's reply (doc. 14).

Following a jury trial, petitioner was convicted in state court of seven offenses, including conspiracy, participating in a criminal syndicate, use of wire or electronic communication in a drug transaction, possession of a narcotic drug for sale, fraudulent schemes and artifices, and possession of drug paraphernalia. On December 9, 2005, he was sentenced to concurrent prison terms, the longest of which was five years. Petitioner filed a notice of post-conviction relief on July 13, 2006. On September 25, 2006, when no petition

1  was filed, the trial court dismissed the post-conviction relief proceeding.

2  Petitioner filed a direct appeal on December 8, 2006, raising one issue for
3  review—whether he was denied a fair and impartial trial in violation of the due process
4  clauses of the Arizona and United States Constitutions based on the absence of a Bulgarian
5  language interpreter to assist him during trial.  On July 17, 2007, the Arizona Court of
6  Appeals affirmed the trial court's decision not to appoint an interpreter.  Petitioner did not
7  seek further review of that decision in the Arizona Supreme Court.

8  The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that
9  "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by
10 a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1).  The
11 statute of limitations runs from "the date on which the judgment became final by the
12 conclusion of direct review or the expiration of the time for seeking such review."  Id. §
13 2244(d)(1)(A).

14 The Arizona Court of Appeals affirmed petitioner's conviction and sentence on July
15 17, 2007.  Petitioner then had 30 days to file a petition for review with the Arizona Supreme
16 Court.  Ariz. R. Crim. P. 31.19(a).  Because he did not file a petition for review, his
17 conviction became final upon the expiration of the 30-day period on August 16, 2007.  Under
18 AEDPA, petitioner then had one year from August 16, 2007, to file his petition for habeas
19 relief.  Nevertheless, he waited until August 19, 2009, to file his petition—more than a year
20 after the limitations period had expired.  Petitioner concedes that his petition is untimely
21 under AEDPA.  He argues, however, that the limitations period should be equitably tolled
22 because he was deprived of access to his court files and because his lawyer failed to perform
23 his duty.

24 AEDPA's statute of limitations is not jurisdictional and may be tolled for equitable
25 reasons.  Holland v. Florida, 130 S. Ct. 2549, 2560 (2010).  However, a petitioner is entitled
26 to equitable tolling only if he shows "(1) that he has been pursuing his rights diligently, and
27 (2) that some extraordinary circumstance stood in his way."  Id. at 2562 (citing Pace v.
28 DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 1814 (2005)).  "[T]he circumstances of

1 a case must be 'extraordinary' before equitable tolling can be applied." Id. at 2564.
2 Generally, attorney negligence is not an extraordinary circumstance warranting equitable
3 tolling, particularly in the post-conviction context where prisoners have no constitutional
4 right to counsel. Lawrence v. Florida, 549 U.S. 327, 336-37, 127 S. Ct. 1079, 1085 (2007).
5 An attorney's conduct must amount to more than "excusable neglect" or "simple negligence"
6 to justify equitable tolling. Holland, 130 S. Ct. at 2564.

After *de novo* consideration of all the issues, we agree with the Magistrate Judge's conclusion that petitioner's habeas petition and amended petition are barred by the statute of limitations. Petitioner filed his petition for habeas corpus more than a year after the statute of limitations had expired. He has failed to demonstrate that during the limitations period (or the year since its expiration), that he diligently pursued his rights or that some extraordinary circumstance prevented him from filing on time. In his objections to the Magistrate Judge's report and recommendation, he asserts that his lawyer's "disappearance with [his] court file is the main reason that prevented him to [sic] file the petition on time." Objections at 5. Even if we assume as true petitioner's allegations that his lawyer "disappeared with his court file," he makes no showing to support his allegation that he diligently attempted to obtain the case file before the limitations period expired, or that his inability to obtain the file prevented him from filing a timely petition. Despite his lawyer's alleged failure to act, petitioner presents nothing to suggest that he was prevented from filing his own habeas petition during the one-year limitations period.

**IT IS ORDERED DENYING** petitioner's petition and amended petition for habeas corpus. Because the dismissal of the petition is justified by a procedural bar and jurists of reason would not find the procedural ruling debatable, **IT IS FURTHER ORDERED DENYING** a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal.

DATED this 17th day of September, 2010.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge